UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARNELL J. NELSON,

    Plaintiff,

    v.

JOHN W. SNOW, *et al.*,

    Defendants.

Case No. C04-0349L

ORDER DENYING MOTION
TO REQUIRE JOINDER

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff Darnell Nelson to require joinder of Elaine Chao, the Secretary of the Department of Labor, and Willa Rohwer, a retired Branch Chief. (Dkt. #47). Plaintiff alleges that absent joinder, he cannot obtain complete relief.

For the reasons discussed below, plaintiff's motion is denied.

## II. DISCUSSION

Plaintiff moves for joinder pursuant to Federal Rule of Civil Procedure 19(a)

ORDER DENYING MOTION
TO REQUIRE JOINDER - 1

1  which provides in relevant part, "A person who is subject to service of process and whose
2  joinder will not deprive the court of jurisdiction over the subject matter of the action shall
3  be joined as a party in the action if (1) in the person's absence complete relief cannot be
4  accorded among those already parties, . . . ."  The parties disagree regarding whether
5  plaintiff can obtain complete relief absent joinder.

6  　　　　Plaintiff alleges that joinder must occur because "[t]he Department of Labor,
7  through its agency Office of Workers' Compensation Programs ("OWCP"), engaged in
8  unfair labor practices and/or retaliation from March 2000, to the present, and
9  simultaneous to the conduct complained about relative to the other defendants in this
10 case."  Plaintiff's Declaration at ¶ 7.  However, plaintiff's OWCP claim is not subject to
11 judicial review, and the Court has no jurisdiction to hear those claims if raised.  See 5
12 U.S.C. § 8128(b)(2); Staacke v. United States Secretary of Labor, 841 F.2d 278, 281 (9th
13 Cir. 1988).  Because the Court lacks jurisdiction to hear any claim based on plaintiff's
14 OWCP claim, joinder on that basis would not be appropriate.

15 　　　　Moreover, plaintiff alleges that he was discriminated against in his employment
16 with the Internal Revenue Service.  Plaintiff does not allege that he was ever employed by
17 the Department of Labor.  Accordingly, the Secretary of the Treasury is the only proper
18 defendant.

19 //
20 //
21 //
22 //
23 //
24 //
25
26 ORDER DENYING MOTION
   TO REQUIRE JOINDER - 2

### III.  CONCLUSION

For the foregoing reasons, the plaintiff's motion to require joinder (Dkt. #47) is DENIED.

DATED this 8th day of April, 2005.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO REQUIRE JOINDER- 3