UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARNELL J. NELSON,

    Plaintiff,

  v.

JOHN W. SNOW,

    Defendant.

Case No. CV4-0349L

ORDER DENYING MOTION TO AMEND COMPLAINT

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion for leave to file amended complaint (Dkt. #56). Plaintiff seeks to amend the complaint to assert claims under Public Law 107-174, Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002, Title 5 U.S.C. § 2301 ("the Act"). Plaintiff claims that completeness of jurisdiction and recovery cannot be accorded unless this Court grants his motion to amend. Secretary of the Treasury John W. Snow, the only remaining defendant, opposes the motion, arguing that the proposed amendment would be futile.

## II. DISCUSSION

Leave to amend "shall be freely given when justice so requires." Fed R. Civ. P. 15(a).

ORDER DENYING MOTION TO
AMEND COMPLAINT - 1

The Court should consider four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).  A proposed amendment is "futile" if no set of facts can be proved under the amendment which would constitute a valid claim. Miller v. Rykoff-Sexton Inc., 845 F.2d 209, 214 (9th Cir. 1988).  Further, a proposed amendment is "futile" if it could be defeated by a motion to dismiss or if plaintiff cannot prevail on the merits. See, e.g., Smith v. Commanding Officer, Air Force Accounting & Fin. Ctr., 555 F.2d 234 (9th Cir. 1977).  Moreover, a district court does not err in denying leave to amend where the amendment would be futile. DeSoto v. Yellow Freight Sys., 957 F.2d 655, 658 (9th Cir. 1992).

Here plaintiff seeks to amend his complaint to add claims under the Act.  The amendment would be futile because the Act does not provide a private right of action. Watson v. U.S. Dep't of Hous. & Urban Dev., 576 F. Supp. 580, 585 (D. Ill. 1983) (employee of the United States Department of Housing and Urban Development had no private right of action for alleged violations of 5 U.S.C. § 2301); Schreachta v. Curtis, 752 F.2d 1257 (7th Cir. 1985) (court found no implied private right of action and dismissed claim of a Veterans Administration employee who alleged that he was denied promotions and transfers in violation of the merit system principles of 5 U.S.C. § 2301); Phillips v. Gen. Servs. Admin., 917 F.2d 1297, 1298 (Fed. Cir. 1990) (a violation of merit system principles in 5 U.S.C. § 2301 does not provide an independent cause of action and cannot be considered in the absence of a violated law, rule, or regulation).

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for leave to amend his complaint (Dkt. #56).

DATED this 21st day of October, 2005.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
AMEND COMPLAINT - 2