UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARNELL J. NELSON,

   Plaintiff,

   v.

JOHN W. SNOW, Secretary of the Treasury,

   Defendant.

Case No. CV4-0349L

ORDER DENYING MOTION TO COMPEL INITIAL DISCLOSURES

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion for an order compelling defendant to make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and for an award of sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(A). (Dkt. # 60). Secretary of the Treasury John W. Snow, the only remaining defendant, opposes the motion, arguing that the plaintiff was already in possession of the relevant information and was not prejudiced by the Government's failure to make initial disclosures.

## II. FACTS

This case concerns plaintiff's claim of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. (Title VII) and/or the

ORDER DENYING MOTION TO
COMPEL INITIAL DISCLOSURES- 1

Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq.

Plaintiff's claim was investigated by the IRS, and a Report of Investigation ("ROI") was issued. Plaintiff received the ROI in August of 2003. The ROI contains the names of the relevant witnesses and their statements, as well as pertinent documents. Defendant argues that the ROI contains all the information that would have been disclosed pursuant to the order for initial disclosures and Fed. R. Civ. P. 26(a)(1). (Dkt. # 62).

### III.  DISCUSSION

**1.  Local Rule 37**

In order to mitigate the adversarial nature of discovery, Fed. R. Civ. P. 37(a)(2)(A) requires a good faith conference or attempt to confer prior to filing a motion to compel. Local Rule 37 provides in relevant part:

> A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may take action . . . .

Local Rule 37(a)(2)(A). The rule requires that parties attempt to resolve discovery disputes in person or by phone. Plaintiff contends that he attempted to confer with Marion J. Millet, counsel for defendant, by letter, dated September 7, 2005. (Dkt. # 61). Plaintiff further contends that no answer has been received to date. Id. The letter to which plaintiff refers, attached as Exhibit C to his declaration in support of his motion, is in fact a letter requesting initial disclosures and not a letter requesting a face-to-face or telephone conference as required by Local Rule 37.

According to defendant's response to plaintiff's motion to compel, a meeting was scheduled for October 13, 2005. (Dkt. # 62). Presumably, this meeting was to be a face-to-face meeting in which the parties would attempt to resolve the discovery dispute at issue in plaintiff's motion. This Court is not aware of the outcome of that meeting or whether it, in fact, occurred. Plaintiff's motion was filed with this Court on September

ORDER DENYING MOTION TO
COMPEL INITIAL DISCLOSURES- 2

27, 2005. Plaintiff's motion is therefore premature because it precedes the conference required by Local Rule 37. Because there was no conference, plaintiff's motion to compel is denied and no sanctions will be awarded.[1]

**2.    Fed. R. Civ. P. 26(a)(1)**

In consideration of the pro se status of the plaintiff and the importance of the discovery rules, some guidance regarding the issues raised in plaintiff's motion is warranted. Defendant cites no authority for the proposition that the mandatory pre-trial disclosure rule does not apply to information already possessed by an opposing party. Likewise, Fed. R. Civ. P. 26(a)(1) is silent on the matter. Often the disclosed list of witnesses and relevant documents comes as no surprise to litigants who are already very familiar with their cases. Police reports, pre-trial correspondence between opposing parties, prior related cases, and a host of other situations exist in which a litigant might already have all the information that would be disclosed according to pre-trial discovery rules. The process may be a classic example of "belt and suspenders," but redundancy is preferable to surprise at trial. Therefore, whether or not plaintiff already has the information, defendant must comply with the requirements of Rule 26(a)(1) unless the parties agree otherwise.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to compel defendant to make initial disclosures. (Dkt. # 60).

DATED this 7th day of November, 2005.

Robert S. Lasnik
United States District Judge

---

[1] Even if there were grounds to grant plaintiff's motion to compel, this Court would not award sanctions as Fed. R. Civ. P. 37 does not provide courts with authority to award attorney's fees to pro se litigants. See Pickholtz v. Rainbow Techs., 284 F.3d 1365 (Fed. Cir. 2002).

ORDER DENYING MOTION TO
COMPEL INITIAL DISCLOSURES- 3