UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARNELL J. NELSON,

    Plaintiff,

v.

JOHN W. SNOW, Secretary of the DEPARTMENT OF TREASURY,

    Defendant.

Case No. C04-0349RSL

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on "Defendant's Motion to Dismiss and/or for Summary Judgment" (Dkt. #74). Plaintiff claims that his employer, the Internal Revenue Service ("IRS"), violated 29 U.S.C. § 701, 42 U.S.C. § 1981, 42 U.S.C. § 1981a and 42 U.S.C. §§ 2000e *et seq*. He asserts that the IRS subjected him to a hostile work environment, failed to accommodate his disabilities and discriminated against him based upon race, sex, age, physical disability and/or in retaliation for bringing claims to the agency's Equal Employment Office ("EEO"). For the reasons set forth below, the Court grants the motion.

## II. FACTS

Plaintiff is an African American male over the age of fifty. He suffers from photophobia

ORDER GRANTING MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT - 1

and Bell's Palsy, conditions that cause hypersensitivity of the eyes, resulting in headaches and ocular swelling. The IRS has employed plaintiff as an Estate Tax Attorney in the Seattle District since 1979. As an Estate Tax Attorney, plaintiff researches the relevant laws and determines the correct tax amount for estate and gift tax returns. His job duties include creating reports, writing working papers and holding conferences with taxpayer representatives.

Though plaintiff cites numerous charges of discrimination, this Court considers only those incidents for which he timely exhausted all administrative remedies. In March 2003, plaintiff filed a formal EEO complaint with the IRS alleging discrimination based upon race, sex, age, physical disability and retaliation. Plaintiff's EEO complaint states:

> (1) management failed to provide reasonable accommodation by failing to adjust office lighting; (2) he received a one-day suspension without pay; (3) he was indefinitely suspended without pay from August 14, 2000 through December 3, 2000; (4) his request for back pay was denied; (5) in 2000, he was restricted in use of flexi-place work locations, and work hours resulting in the development of repetitive stress/strain injuries; (6) management refused to release him from cross-country travel and attendance at a Chicago training class; (7) he was misinformed about and denied the use of Worker's Compensation during his indefinite suspension; and (8) a settlement agreement was executed on December 16, 2002.[1]

Dkt. # 74 at p. 2. In addition, plaintiff filed two addendums to his EEO complaint. One asserted that the actions surrounding his one-day suspension were part of an established pattern of racial discrimination, and the other focused on specific instances of harassment and retaliation. Dkt. # 35 at pp. 6-1, 7. The addendums do not assert additional discriminatory acts not included in plaintiff's EEO complaint.

Plaintiff argues that he developed repetitive stress/strain injuries in 2000 after the IRS

---

[1] Plaintiff filed two grievances with the National Treasury Employees Union, one in June 2001 and another in December 2001. Plaintiff challenged his suspension from work following his incarceration in Chicago, his denial of back pay and his one-day suspension based upon Rule of Conduct 215.4. He raised a timely charge of discrimination at the third step of each grievance procedure. Although both grievances were resolved through arbitration, plaintiff claims that his National Treasury Employees Union representative ignored his wishes, signing his settlement agreement with the IRS without his approval.

ORDER GRANTING MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT - 2

directed him to work at the Jackson Federal Building. Plaintiff further asserts that, despite his request for release from attendance, the IRS required him to participate in a July 2000 Chicago training course.

On July 14, 2000, a firearm was discovered in plaintiff's luggage at the Chicago O'Hare International Airport as he was returning from the IRS training course. After spending the weekend in jail, plaintiff was released and returned to Seattle around July 17, 2000. In August 2000, the IRS placed plaintiff on unpaid indefinite suspension. Plaintiff was allowed to return to work only after an Illinois judge found him not guilty of all criminal charges emanating from the incident. On December 3, 2000, the IRS reinstated plaintiff to his position as an Estate Tax Attorney.

Plaintiff claims that the IRS incorrectly advised him that he could not make use of his workers' compensation claim during his four and a half months on unpaid indefinite suspension. On April 20, 2001, plaintiff's request for back pay for the time he spent on unpaid indefinite suspension was denied. On May 10, 2001, plaintiff was placed on a one-day suspension for violation of Rule of Conduct 215.4[2] for carrying a weapon during official duty hours.

Plaintiff alleges that the IRS failed to provide reasonable accommodation by failing to timely adjust the lights above his work station. In January 2002, plaintiff submitted a letter from neurologist Dr. Taylor recommending accommodations for plaintiff's Bell's Palsy. Dr. Taylor noted that, as plaintiff had yet to make a full recovery, it would be reasonable for him to work a limited schedule, from four to six hours a day. Dkt. # 74 at Ex. K. Dr. Taylor further stated that plaintiff should be able to work a normal day within two months. The IRS allowed plaintiff to work a reduced schedule and to work largely from home.

When plaintiff was released from indefinite leave on December 3, 2000, he discovered

---

[2]The relevant portion of Rule of Conduct 215.4 states, "Employees while on official duty or while in Government buildings shall not have in their possession firearms, other dangerous or deadly weapons, or explosives, either openly or concealed, except for official purposes."

ORDER GRANTING MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT - 3

that his office lighting had been substantially brightened.  Plaintiff complained to the EEO about the intensity of his office lights in February 2003 and filed a formal complaint in March 2003.

At the direction of Ms. Joann Turbyne-Munoz, an EEO specialist, plaintiff submitted a "Request for Lighting Accommodation."  On April 2, 2003, plaintiff's request was forwarded from the EEO to the Facilities Management Department.  It was then sent to the General Services Administration.  As the IRS processed his documentation, plaintiff worked on a "hours flexi place" schedule, reporting to the office once every two or three weeks.  On May 7, 2003, the General Services Administration installed sleeves on the lights in plaintiff's office.

After Ms. Joann Turbyne-Munoz alerted plaintiff that his formal complaint contained no medical documentation, he submitted a letter dated June 20, 2003 from optometrist Dr. Viola Gay.  Dr. Gay stated "[a] reasonable accommodation could be anything from working from home to changing lighting at his work station, changing type of computer monitor/LCD, changing field to white on black print, installation of filters and use of voice recognition software."  Dkt. # 74 at Ex. N.

With the exception of plaintiff's office lighting complaint, the EEO dismissed all of his claims on the basis of untimeliness, failure to state a claim or having been previously raised in a union grievance.  The EEO commenced an investigation into plaintiff's office lighting complaint, finding the absence of discrimination in a final agency decision issued on November 26, 2003.

On February 20, 2004, plaintiff filed his complaint in this Court, asserting violations of his constitutional and civil rights.  On November 19, 2004, this Court granted a motion for summary judgment brought on behalf of all of the other individual defendants.

### III. ANALYSIS

ORDER GRANTING MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT - 4

### A. Dismissal of Disparate Treatment, Hostile Work Environment and Retaliation Claims.

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court may dismiss for "failure to state a claim upon which relief can be granted." When ruling on a motion to dismiss, the Court assumes the truth of all allegations of material fact, interpreting them "in the light most favorable to the plaintiff." Smilecare Dental Group v. Delta Dental Plan of California, Inc., 88 F.3d 780, 782-783 (9th Cir. 1996). The Court dismisses only those complaints where "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 783.

Plaintiff claims that the IRS discriminated against him based upon race, disability and age. In support of his allegation of disparate treatment, he points to the charges raised in his EEO complaint: failure to provide reasonable accommodation, disparate discipline arising from his Chicago arrest in July of 2000, restrictions in work locations and hours, required attendance at a Chicago training class, denial of workers' compensation and his unapproved settlement agreement with the IRS.

Plaintiff also alleges that the IRS subjected him to retaliation and a hostile work environment. In support of his claim, plaintiff states that he has experienced an ongoing pattern of discrimination over the past twenty-two years. He points to a wide array of alleged conduct including racial discrimination, racial profiling, retaliation for involvement in the EEO process, disparate treatment based upon race and age, intentional disregard for benefits owed to an injured worker and denial of reasonable accommodation.

The IRS argues that, with the exception of his accommodation claim, the Court should dismiss plaintiff's disparate treatment, hostile work environment and retaliation claims for failure to timely exhaust administrative remedies. As a federal employee, plaintiff is required to exhaust all administrative remedies before bringing federal discrimination claims against the IRS. Leorna v. United States Dep't of State, 105 F.3d 548, 550 (9th Cir. 1997). Pursuant to 29

ORDER GRANTING MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT - 5

C.F.R. § 1614.105(a)(1), plaintiff must contact an EEO counselor within forty-five days of the occurrence "of the matter alleged to be discriminatory." The forty-five day period begins to run after "the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights." Boyd v. United States Postal Serv., 752 F.2d 410, 414 (9th Cir. 1985). After plaintiff has been notified of the conclusion of the informal EEO counseling, he has fifteen days to file a formal complaint. 29 C.F.R. §§ 1614.105(d), 106(b).

With the exception of plaintiff's failure to accommodate claim, the Court dismisses all of plaintiff's claims for failure to timely exhaust administrative remedies. Pursuant to 29 C.F.R. § 1614.105(a)(1), plaintiff was required to seek EEO counseling within forty-five days of the allegedly discriminatory action. Other than his failure to accommodate claim, plaintiff failed to timely raise any of his allegations before the EEO.

Plaintiff asserts that his claims are not time barred because they constitute a continuing violation. However, the Court finds that plaintiff's claims arise from separate, discrete incidents. Plaintiff may not bring discrete discrimination claims that have been "time barred, even when they are related to acts alleged in timely filed charges." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Every discrete act of discrimination "starts a new clock for filing charges alleging that act." Id. Because his claims stem from discrete incidents, plaintiff may not now bring untimely claims even if they were related to his timely reasonable accommodation claim.

**B.     Summary Judgment on Denial of Reasonable Accommodation.**

Pursuant to Fed. R. Civ. P. 56, the Court will grant a summary judgment motion if the moving party demonstrates that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." In its determination, the Court construes all facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, the Court will not find a genuine issue of material fact on the basis

ORDER GRANTING MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT - 6

of uncorroborated testimony that furthers the interests of the party presenting it. <u>Villarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002). If the moving party meets its burden, showing the absence of a genuine issue of any material fact, the non-moving party must then make an affirmative showing on all matters relevant to the summary judgment motion for which it has the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-323 (1986). The Rehabilitation Act of 1973, 29 U.S.C. § 701, prohibits discrimination against federal employees based upon disability. To establish a prima facie case of failure to accommodate, plaintiff must show that he is a qualified employee with a disability, that he required reasonable accommodation to fulfill his duties of employment and that it was possible for the defendant to provide him with reasonable accommodation. <u>Buckingham v. U.S.</u>, 998 F.2d 735, 739-740 (9th Cir. 1993).

Even assuming that plaintiff was disabled and required a reasonable accommodation, the IRS fulfilled its duty to accommodate. Plaintiff alleges that the IRS denied him an ergonomic chair. However, he did not contact an EEO counselor within forty-five days of the IRS's alleged denial.[3] Therefore, the Court dismisses this claim for failure to timely exhaust all administrative remedies.

Plaintiff also claims that the IRS failed to reasonably accommodate him after he complained that his intense office lighting was negatively affecting his photophobia and Bell's Palsy. In March 2003, plaintiff filed a formal EEO complaint regarding the intensity of his office lighting.[4] Plaintiff worked on a "hours flexi place" schedule throughout the processing of

---

[3] Plaintiff also asserts that the IRS failed to reasonably accommodate him by denying him the use of flexible work locations. Because he did not raise this claim in an EEO complaint, the Court dismisses it for failure to timely exhaust administrative remedies.

[4] Although plaintiff states that he made a request to his managers for adjustments in his office lighting in December 2000, there is no record that he provided them with any medical documentation to show that he was disabled and that an accommodation was medically necessary. Regardless, any allegation that the plaintiff was not accommodated in December 2000 is barred because he did not file his EEO complaint until March 2003.

ORDER GRANTING MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT - 7

his complaint, and in May 2003, the General Services Administration installed sleeves on plaintiff's office lighting.  The IRS accommodated plaintiff *before* receiving Dr. Gay's June 20, 2003 letter which provided the necessary medical documentation of plaintiff's disability.  Dr. Gay listed a number of reasonable accommodations including allowing plaintiff to work from home and installing filters on his office lights.  Although plaintiff may have wanted a different accommodation, an employer does not have the duty to provide the accommodation of plaintiff's choice.  Stewart v. Happy Hermann's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir. 1997).  Because defendant promptly provided plaintiff with reasonable accommodation, the Court grants the IRS's motion for summary judgment on this claim.

## IV.  CONCLUSION

For the foregoing reasons, "Defendant's Motion to Dismiss and/or for Summary Judgment" (Dkt. # 74) is GRANTED.

DATED this 27th day of March, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT - 8